UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>                    Plaintiff,<br><br>        v.<br><br>A.H. MARTINEZ, ET AL.,<br><br>                    Defendant(s). | Case No. CV 21-991-CBM (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

# I.

## **INTRODUCTION**

Plaintiff Gregory Franklin ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his First, Eighth, and Fourteenth Amendment rights.  For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

# II.

## **ALLEGATIONS IN THE COMPLAINT**

On January 29, 2021, Plaintiff, an inmate at California State Prison – Los Angeles County ("CSP-LAC"), filed the Complaint against the following eight defendants: (1) Lieutenant A.H. Martinez; (2) correctional officer J. Hernandez; (3) correctional officer E. Gollette; (4) correctional officer J. Makarade; (5) correctional

1    officer J. Resendiz; (6) Sergeant R. Aguirre; (7) correctional counselor II/Captain J.

2    Tingley; and (8) correctional counselor S. Nave (collectively, "Defendants") in their

3    individual and official capacities.  ECF Docket No. ("Dkt.") 1 at 4-6.  Plaintiff alleges

4    each defendant violated his First, Eighth, and Fourteenth Amendment rights.

5         The Complaint alleges Plaintiff is a "prisoner advocate" who has filed

6    numerous claims concerning prison conditions.  Id. at 7.  Plaintiff alleges Defendants

7    have "launched a systematic policy of discrimination and retaliation" against him for

8    filing prison grievances and petitioning the courts; specifically, Plaintiff alleges

9    defendants' "illegal actions… stemmed from Plaintiff bringing a complaint against

10   prison staff[;] therefore all the actions [taken] are viewed as a single violation."  Id. at

11   7-8, 11, 12, 22.  Plaintiff further alleges a "nexus" exists among all defendants in this

12   action because (1) there has been a "five year span of harassment and retaliation;" (2)

13   all defendants have access to a "SOMS" system, which shows activity regarding

14   Plaintiff's grievances and lawsuits; and (3) Defendants use the "same methods" to

15   retaliate and discriminate against him.  Id. at 8-9, 22.  Plaintiff alleges Defendants'

16   retaliation and discrimination consist of preventing his transfer to a more

17   "progressive" or lower-level security facility; issuing "manufactured or trump[ed]-up

18   Rule Violations"; denying him employment to affect his credits; sending him to

19   administrative segregation; placing him with "mentally disturbed" cellmates; and

20   interfering with his personal property.  Id. at 10-11.

21        As alleged in the Complaint:

22        On September 13, 2015, Plaintiff was placed on "C-status" (i.e., "privilege

23   group C") for two rule violations for refusing a cellmate.  Id. at 13.

24        On October 11, 2015, Plaintiff filed a lawsuit against five CSP-LAC employees,

25   including defendant Martinez.[1]  Id. at 15.

26

27   _____

28   [1] While unclear, Plaintiff may be referring to Franklin v. Soto, 2:15-cv-08379-CBM-
     KK.

                                              2

On November 1, 2015, Plaintiff sent a request to defendants Nave and Tingley, correctional counselors, to remove Plaintiff from C-status.  Id.  Plaintiff alleges defendants Nave and Tingley "were presen[t] when Plaintiff talked to the Courts" about his civil rights lawsuit and "made comments about Plaintiff['s] pending lawsuits," and denied Plaintiff a C-status hearing and refused to take Plaintiff off C-status.  Id. at 13-14.  Plaintiff alleges the actions of defendants Nave and Tingley constituted retaliation for exercising his right to file grievances or complaints in violation of the First Amendment; "unnecessary pain and suffering due to retaliation" in violation of the Eighth Amendment; and discrimination and denial of due process in violation of the Fourteenth Amendment "for enforcing his constitutional right to bring grievances or complaints."  Id. at 13.

On October 19, 2016, defendants Gollette and Hernandez, supervised by defendant Martinez, conducted a search of Plaintiff's cell.  Id. at 20.  Plaintiff discovered his food items were missing after the search.  Id. at 14.  Defendant Gollette "had previously made comments about Plaintiff bringing lawsuits."  Id. at 15.  Plaintiff alleges defendants Gollette and Hernandez's actions constituted retaliation for exercising his right to file grievances in violation of the First Amendment and a due process violation of the Fourteenth Amendment for taking his personal property.  Id. at 14.

On October 19, 2016 and October 10, 2017, Plaintiff appeared at his annual classification hearings.  Id. at 16.  Defendant Tingley was Plaintiff's "counselor" at both hearings and served as the chairperson for the 2016 hearing.  Id.  Plaintiff was denied requests to be transferred to a lower security prison, for "single-cell status," and to enter "rehabilitative/work programs" even though he had "no disciplinary violation for one year" and other inmates were allowed to transfer.  Id.  Defendant Tingley had previously told Plaintiff "it disturb[s] him Plaintiff ha[s] continuously brought numerous lawsuit's [sic] against his co-horts."  Id.  Plaintiff alleges defendant Tingley's actions constituted retaliation for exercising his right to file grievances in

1  violation of the First Amendment; "unnecessary pain and suffering due to retaliation"

2  in violation of the Eighth Amendment; and discrimination and denial of due process

3  in violation of the Fourteenth Amendment.  Id. at 15.

4      Ten days after Plaintiff's annual classification[2] and one day after Plaintiff

5  submitted a grievance challenging the denial of his request for single-cell status, non-

6  defendant officer Penata[3] issued Plaintiff a rule violation for refusing a cellmate.  Id.

7  at 17.  Non-defendant Villalobos found Plaintiff guilty of the rule violation.  Id. at 18.

8  Plaintiff alleges officer Penata's actions constituted retaliation for exercising his right

9  to file grievances in violation of the First Amendment; "unnecessary pain and

10  suffering" in violation of the Eighth Amendment; and a violation of the Fourteenth

11  Amendment.  Id. at 17.

12      On January 7, 2018, defendant Aguirre interviewed Plaintiff regarding

13  Plaintiff's grievance against another officer, non-defendant officer Delgadillo.  Id. at

14  19.  During the interview, defendant Aguirre told Plaintiff he could give Plaintiff a

15  cellmate and if Plaintiff refused, Plaintiff would be disciplined.  Id.  Defendant

16  Aguirre then asked Plaintiff whether he wanted to withdraw the grievance against

17  officer Delgadillo.  Id.  Plaintiff refused to withdraw the grievance.  Id.  Defendant

18  Aguirre stated Plaintiff would get a cellmate the next day.  Id.  The next day,

19  defendant Aguirre issued Plaintiff a rule violation for refusing a cellmate.  Id.  Plaintiff

20  alleges defendant Aguirre's actions constituted retaliation for exercising his right to

21  file grievances in violation of the First Amendment; "unnecessary pain and suffering

22  due to retaliation" in violation of the Eighth Amendment; and discrimination and

23  denial of due process in violation of the Fourteenth Amendment.  Id. at 18.

24      On April 2, 2018, non-defendant Drayton moved Plaintiff to another building

25  where defendants Resendiz and Makarade told Plaintiff he would be moving into a

26

27  [2] It is unclear whether this incident occurred after the 2016 or 2017 annual classification hearing.

28  [3] Plaintiff has not named officer Penata as a defendant.  Dkt. 1 at 4-6.

4

1  cell with another inmate.  Id. at 20-21.  Plaintiff refused and told them he is allowed to
2  be "single-cell" due to the "length of time and medication condition."  Id. at 21.
3  Defendants Resendiz and Makarade then handcuffed Plaintiff and took him to the
4  "cage" in the gym to await being sent to administrative segregation.  Id. at 21.  Non-
5  defendant officer Mijares[4] interviewed Plaintiff regarding his refusal to share a cell.
6  Id.  Plaintiff was then placed in administrative segregation from April 2, 2018 to April
7  14, 2018.  Id.  Plaintiff alleges the actions of officer Mijares and defendants Resendiz
8  and Makarade constituted retaliation in violation of the First Amendment;
9  "unnecessary pain and suffering due to retaliation" in violation of the Eighth
10  Amendment; and a violation of the Fourteenth Amendment for taking him to ad-seg
11  and not following procedure for refusing a cellmate.  Id. at 18.

12      Plaintiff seeks compensatory and punitive damages and injunctive relief to be
13  "present during all cell searches and the packing and unpacking of all Plaintiff['s]
14  property" and for the Court to "review all rule violations and disciplinary hearings
15  before the administration make[s] a finding of guilty or not guilty."  Id. at 2.

### III.

### STANDARD OF REVIEW

18      Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court
19  must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to
20  dismiss the case at any time if it concludes the action is frivolous or malicious, fails to
21  state a claim on which relief may be granted, or seeks monetary relief against a
22  defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A; see
23  also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

24      Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a
25  "short and plain statement of the claim showing the pleader is entitled to relief," and
26  "[e]ach allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(a), (d).  In

---

[4] Plaintiff has not named officer Mijares as a defendant.  Dkt. 1 at 4-6.

5

1  determining whether a complaint fails to state a claim for screening purposes, a court

2  applies the same pleading standard as it would when evaluating a motion to dismiss

3  under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108,

4  1112 (9th Cir. 2012).

5       A complaint may be dismissed for failure to state a claim "where there is no

6  cognizable legal theory or an absence of sufficient facts alleged to support a

7  cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007).  In

8  considering whether a complaint states a claim, a court must accept as true all of the

9  material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir.

10  2011).  The court, however, need not accept as true "allegations that are merely

11  conclusory, unwarranted deductions of fact, or unreasonable inferences." In re

12  Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint

13  need not include detailed factual allegations, it "must contain sufficient factual matter,

14  accepted as true, to state a claim to relief that is plausible on its face." Cook v.

15  Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662,

16  678 (2009)).  A claim is facially plausible when it "allows the court to draw the

17  reasonable inference that the defendant is liable for the misconduct alleged." Id.  The

18  complaint "must contain sufficient allegations of underlying facts to give fair notice

19  and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d

20  1202, 1216 (9th Cir. 2011).

21       "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint,

22  however inartfully pleaded, must be held to less stringent standards than formal

23  pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

24  However, liberal construction should only be afforded to "a plaintiff's factual

25  allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a court need not

26  accept as true "unreasonable inferences or assume the truth of legal conclusions cast

27  in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir.

28  2003).

6

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A.    THE ELEVENTH AMENDMENT BARS ALL SECTION 1983 CLAIMS FOR MONETARY DAMAGES AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY**

### 1.    Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State Sch., 465 U.S. at 102. As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169-70 (1985); Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U.S. 123 (1908).

### 2.    Analysis

Here, to the extent Plaintiff sues Defendants in their official capacity for monetary damages, such claims are barred by the Eleventh Amendment. See

1   <u>Graham</u>, 473 U.S. at 169-70 (holding the Eleventh Amendment bar "remains in effect

2   when State officials are sued for damages in their official capacity"). Accordingly, all

3   claims against Defendants in their official capacity for monetary damages are subject

4   to dismissal.

5   **B.   THE REQUEST FOR INJUNCTIVE RELIEF MUST BE STRICKEN**

6       **1.   Applicable Law**

7       "[A] court's equitable power lies only over the merits of the case or controversy

8   before it." <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d 631, 633

9   (9th Cir. 2015). Without a "relationship or nexus [between the requested injunction

10  and the harm alleged], the district court lacks authority to grant the relief requested."

11  <u>Id.</u> at 636-37. Therefore, "[w]hen a plaintiff seeks injunctive relief based on claims

12  not pled in the complaint, the court does not have the authority to issue an

13  injunction." <u>Id.</u> at 633.

14      **2.   Analysis**

15      Plaintiff requests the Court issue an injunction requiring Plaintiff to be "present

16  during all cell searches and the packing and unpacking of all Plaintiff['s] property" and

17  for the Court to "review all rule violations and disciplinary hearings before the

18  administration make[s] a finding of guilty or not guilty." Dkt. 1 at 2. However,

19  Plaintiff does not allege a sufficient relationship or nexus between his claims and his

20  requested injunctive relief. The underlying claims in the FAC are that Defendants

21  retaliated against Plaintiff for filing grievances and civil rights cases. Plaintiff does not

22  allege these claims arose from a lack of supervision of cell searches or a lack of Court

23  review of administrative hearings, nor does he allege any "relationship or nexus"

24  between his claims and the requested relief. <u>See</u> <u>Pac. Radiation Oncology</u>, 810 F.3d at

25  636-37. Rather, it is entirely speculative that supervision would have deterred or

26  prevented the alleged retaliation. Thus, because Plaintiff fails to allege a sufficient

27  relationship, the "[C]ourt lacks the authority to grant the relief requested," and the

28  request for injunctive relief must be stricken.

8

## C.    THE COMPLAINT IMPROPERLY JOINS DISTINCT CLAIMS

### 1.    Applicable Law

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  FED. R. CIV. P. 18(a).  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2).  In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-strikes rule under Prison Litigation Reform Act); Gonzalez v. Maldonado, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013).

### 2.    Analysis

Here, the Complaint sets forth approximately six unrelated incidents involving eight defendants and many non-defendants, allegedly violating Plaintiff's rights from 2015 through 2018.  See dkt. 1.  Specifically, the Complaint describes (1) a November 1, 2015 hearing where defendants Nave and Tingley denied Plaintiff C-status; (2) the October 19, 2016 cell search by defendants Gollette, Hernandez, and Martinez; (3) the October 19, 2016 and October 10, 2017 classification hearings with defendant Tingley; (4) an incident with non-defendant officer Penata; (5) a January 7, 2018 incident with defendant Aguirre where Plaintiff was interviewed regarding a grievance and then written up the next day for refusing a cellmate; and (6) an April 2, 2018 incident where non-defendant officer Mijares and defendants Resendiz and Makarade sent Plaintiff to ad-seg for refusing a cellmate.  Id. at 14-21.

1    Plaintiff's attempt to join these claims on the grounds that each Defendant
2  retaliated against him because of his litigation activity, thus constituting a "nexus,"
3  fails.  First, conclusory allegations of retaliation are insufficient to state a claim for
4  retaliation.   See Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (affirming
5  dismissal of conclusory allegations of retaliatory transfer "because these claims lacked
6  factual support demonstrating a causal link between the civil actions [plaintiff] has
7  filed and the denial of a transfer"); Wise v. Washington State Dep't of Corrs., 244
8  Fed. App'x 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282 (2008) (finding
9  plaintiff's conclusory allegations of retaliation insufficient "without supporting facts
10  connecting the defendants to his litigation activities"); Stine v. Bureau of Prisons, No.
11  2:18-CV-0684-KJN (P), 2018 WL 2771332, at *6 (E.D. Cal. June 7, 2018) (finding
12  plaintiff's generalized assertion regarding retaliation insufficient to demonstrate each
13  named defendant retaliated against plaintiff for his protected conduct).

14    Second, even if each incident of retaliation was based on the same alleged
15  protected conduct, each incident does not arise out of the same "transaction,
16  occurrence, or series of transactions" and is, therefore, improperly joined under Rule
17  20.  See Hollis v. Gonzalez, No. 1:08-CV-1834-OWW-DLB (PC), 2010 WL 2555781,
18  at *6 (E.D. Cal. June 18, 2010), report and recommendation adopted, 2010 WL
19  3153963 (E.D. Cal. Aug. 9, 2010) (dismissing unrelated claims of retaliation for
20  "grievance activity" against different prison staff members as improperly joined).

21    Hence, Plaintiff's various unrelated claims against different defendants must be
22  brought in separate lawsuits.  Additionally, at this juncture, the Court declines to cull
23  through the Complaint to determine which, if any, of Plaintiff's distinct claims are
24  sufficiently pled.  Plaintiff may, therefore, file an amended complaint setting forth
25  properly joined claims but must file separate lawsuits to pursue any unrelated claims.
26  ///
27  ///
28  ///

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.      Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims

11

asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. Cnty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2.     Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the deficient claims discussed in this Order be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.  If the assigned district judge accepts the findings and recommendations of the undersigned Magistrate Judge and dismisses the deficient claims discussed in this Order, the Court

will issue a separate order regarding service of any claims remaining in the Complaint at that time.

       3.     Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

     **Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  March 16, 2021

 

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

13